UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-62116-VALLE

<u>CONSENT CASE</u>

FLVIA Z. SOUZA, *et al.*,

      Plaintiff,

v.

DIRECT OFFICE
SOLUTIONS, INC.*., et al.,*

      Defendants.

_____/

**ORDER APPROVING SETTLEMENT AGREEMENT
AND DISMISSING CASE WITH PREJUDICE**

THIS MATTER is before the Court on the Joint Motion for Dismissal with Prejudice (ECF

No. 54) (the "Motion").  Pursuant to the parties' consent, this case is before the undersigned for

all proceedings, including trial and entry of final judgment.  *See* (ECF Nos. 51, 52).

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged

violations of the minimum wage and statutory overtime provisions.  (ECF No. 1); *see* 29 U.S.C.

§ 201 et seq.  On June 30, 2022, the parties settled the case before the undersigned.  *See* (ECF

No. 50).

Before a court may approve a settlement of FLSA claims, the court must scrutinize the

settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over

FLSA provisions."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir.

1982).  In doing so, courts consider various factors, including: (1) the possible existence of

collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the

plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see*

*also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1

(S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1233 (M.D. Fla. 2010).

In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually

in dispute, the court may approve the settlement "to promote the policy of encouraging settlement

in litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

Here, the parties have submitted the Settlement Agreement and Release (the "Settlement

Agreement") for Court approval.  The Court has scrutinized the terms of the Settlement Agreement

and considered the above factors, the overall strengths and weaknesses of the parties' respective

positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and

uncertainty of litigation.  The Court also considered that Plaintiff's claims were disputed as to

liability and amount and that both parties were represented by counsel.  Lastly, the Settlement

Agreement specifies the portion of the settlement amount to be paid to Plaintiff and the amounts

designated for attorney's fees and costs.  Accordingly, the Court finds that the Settlement

Agreement is a fair and reasonable resolution of a *bona fide* FLSA dispute.

The Court has also reviewed "the reasonableness of [Plaintiff's] counsel's legal fees to

assure both that counsel is compensated adequately and that no conflict of interest taints the

amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,*

307 F. App'x 349, 351 (11th Cir. 2009).  Having done so, the Court found that the amount of the

settlement proceeds attributable to Plaintiffs' counsel's legal fees was reasonable.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1.      Joint Motion for Dismissal with Prejudice (ECF No. 54) is **GRANTED** and the

Settlement Agreement is **APPROVED**;

2.      This case is **DISMISSED WITH PREJUDICE**; and

3.      The Court retains jurisdiction for 30 days from the date of this Order to enforce the

Settlement Agreement.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida on July 22, 2022.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record